NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HECTOR SALGUERO-ALVAREZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-1533

Agency No. A205-156-696

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2023**
San Francisco, California

Before: S.R. THOMAS and MENDOZA, Circuit Judges, and OLIVER,*** District Judge.

Petitioner Hector Salguero-Alvarez seeks review of a decision by the Board

of Immigration Appeals ("BIA") denying his application for withholding of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Solomon Oliver, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

COA

removal. We review denials of withholding of removal for substantial evidence. *Aguilar Fermin v. Barr*, 958 F.3d 887, 891 (9th Cir. 2020). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

Because the parties are familiar with the facts and the procedural history, we do not recount them here.

To qualify for withholding of removal, Salguero-Alvarez must show that his "life or freedom would be threatened" in Guatemala due to his "race, religion, nationality, membership in a particular social group, or political opinion." *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (quoting 8 U.S.C. § 1231(b)(3)). He can make this showing either (a) "by establishing a presumption of fear of future persecution based on past persecution," or (b) "through an independent showing of clear probability of future persecution." *Tamang*, 598 F.3d at 1091 (citing 8 C.F.R. § 1208.16(b)(1) and (2)).

Salguero-Alvarez does not claim to have suffered past persecution. So he must show a clear probability of future persecution to be entitled to withholding of removal. *Tamang*, 598 F.3d at 1091. "Clear probability" means "it is 'more likely than not' that he would be subject to persecution on account of one of the protected grounds [in 8 U.S.C. § 1231(b)(3)]." *Id.* (quoting *INS v. Cardoza-Fonseca*, 480 U.S. 421, 429 (1987)). And "persecution" is "the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as

offensive." *Fon v. Garland*, 34 F.4th 810, 813 (9th Cir. 2022) (quoting *Korablina v. INS*, 158 F.3d 1038, 1043 (9th Cir. 1998)) (brackets omitted).

Here, substantial evidence supports the BIA's conclusion that Salguero-Alvarez failed to show a clear probability of future persecution in Guatemala—namely, Salguero-Alvarez's testimony that his similarly situated family members remain in Guatemala unharmed. Given this testimony, the record hardly compels a conclusion contrary to the BIA's. Indeed, as we have recognized, "a petitioner's fear of future persecution 'is weakened, even undercut, when similarly-situated family members' living in the petitioner's home country are *not* harmed." *Sinha v. Holder*, 564 F.3d 1015, 1022 (9th Cir. 2009) (quoting *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001)).

*Mgoian v. INS*, 184 F.3d 1029 (9th Cir. 1999), a case favored by Salguero-Alvarez, does not alter this analysis. There, we reversed the BIA's denial of a petitioner's application for withholding of removal where the petitioner, unlike Salguero-Alvarez, had been "directly and repeatedly threatened" by neighbors in her home country. *Id.* at 1037. Moreover, in *Mgoian*, the evidence showed that "*all of* [the petitioner's] principal family members were subjected to forms of violence, persecution and harassment." *Id.* at 1036 (emphasis added). These crucial distinctions limit *Mgoian*'s applicability here, to say the least.

In sum, substantial evidence supports the BIA's conclusion that Salguero-Alvarez did not carry his burden to show a clear probability of future persecution. Because his failure to demonstrate a clear probability of future persecution was dispositive of his application for withholding, the BIA was not required to make a finding with respect to nexus. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach"). The BIA did not err in declining to address whether there was a nexus between Salguero-Alvarez's fear of persecution and a statutorily protected ground.

**PETITION DENIED.**